Barbara LAGE, individually and as next friend of her minor children, Cynthia Murphy, Mark Lage, Kraig Lage, Kelli Lage, Bruch Anderson and Penni Jo Anderson and on behalf of all others similarly situated, Plaintiffs,

v.

Arthur DOWNING, Henry Gering, R. H. Whitlatch, Irene Smith, individually and as members of the Iowa State Board of Social Welfare, Leland Ahern, individually and as Director of the Polk County Department of Social Welfare, Defendants.

Civ. No. 7–2089–C–2.

United States District Court, S. D. Iowa, C. D.

July 14, 1970.

Edmund E. Fleming and Lawrence E. Pope, Des Moines, Iowa, for plaintiffs.

Lorna L. Williams, Des Moines, Iowa, for defendants.

Before VAN OOSTERHOUT, Circuit Judge, and STEPHENSON and HANSON, District Judges.

## MEMORANDUM

HANSON, District Judge.

Plaintiffs seek injunctive and declaratory relief authorized by Title 42 U.S.C. Section 1983 to secure rights, privileges, and immunities established by the Fourteenth Amendment to the Constitution of the United States and by Title IV of the Social Security Act, Title 42 U.S.C. Section 601 *et seq.*, and regulations promulgated thereunder. Jurisdiction is predicated under Title 28 U.S.C. Sections 1343, 2201, 2281 and 2284.

The motion to dismiss considered with this submission is overruled.

Plaintiffs complain that recipients of welfare benefits extended by the State of Iowa pursuant to plans under the Social Security Act, 42 U.S.C. § 601 *et seq.* as implemented in the State of Iowa in Chapter 239 of the Iowa Code, are subject to cancellation, termination, alteration and suspension of those benefits by the administrators without affording the affected recipient any opportunity to be heard before such action becomes effective.

A three judge court was duly assembled and the cause submitted. Ultimate decision was stayed by the court pending the disposition of certain causes of action pending before the Supreme Court of the United States. Goldberg v. Kelly et al., 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970); Wheeler et al. v. Montgomery, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307 (1970).

The precise issue of the case at bar has now been answered in the above cited cases. As stated by Justice Brennan:

"The question for decision is whether a state which terminates public assistance payments to a particular recipient without affording him the opportunity for an evidentiary hearing prior to termination denies the recipient due process in violation of the Due Process Clause of the Fourteenth Amendment."

The material facts incidental to disposition here have either been stipulated or are without controversy. Barbara Lage and her six minor children are plaintiffs herein. Plaintiffs had established their eligibility for benefits prior to August of 1967 and had been recipients of benefits under ADC programs of Iowa as provided in Chapter 239 of the Code of Iowa. Documentary Exhibits 1, 2, and 3 clearly establish that here payments were terminated prior to having been afforded a hearing. Further, plaintiff Barbara Lage was notified after this termination that she could appeal. Also, Sections 239.6 and 239.7 of the 1966 Code of Iowa on their face do not provide for hearing prior to termination of payments.[1]

Since decision here is fully determined by authority cited, further conclusions or findings are unwarranted.

It is ordered that the foregoing shall constitute the findings of fact, conclusions of law, and Order for judgment in this case. Rule 52(a) of the Federal Rules of Civil Procedure.

## JUDGMENT

Pursuant to Memorandum filed herein,

It is ordered, adjudged and decreed that pursuant to Title 28, United States Code, Sections 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure that Sections 239.6 and 239.7 of the Iowa Code and the regulations issued pursuant thereto violate the Fifth and Fourteenth Amendments as here applied, insofar as they authorize and require the termination or reduction of aid to dependent children without granting reasonable notice and opportunity for an evidentiary hearing.

---

1. 239.6 Periodic reconsideration, changes, and termination of grants. Any or all assistance grants made under this chapter shall be subject to reconsideration at any time the county board deems necessary and shall be reinvestigated and reconsidered by the county board as frequently as may be required. After any such further investigation, the county board shall make further report to the state director. Upon such report, assistance may be continued, renewed, suspended, changed in amount, or entirely withdrawn, as the findings of such reports warrant.

239.7 Appeal. If an application is not acted upon by the county board or the state department within a reasonable time after such application is made, if it is denied in whole or in part, or if any award of assistance is modified, suspended, or canceled under any provision of this chapter, the applicant or recipient may appeal to the state board. The state board shall, upon receipt of such appeal, give appellant reasonable notice and opportunity for a fair hearing before the state board or its duly authorized representative or representatives.

An applicant whose application for assistance has been rejected, or a recipient whose certificate for assistance has been canceled or modified, after a review hearing hereinabove provided, within thirty days after notice of such action is given, may appeal from the decision of the state board to the district court of the county in which the applicant or recipient resides, by serving a ten days notice of such appeal upon any member of the state board, in the manner required for the service of an original notice in any civil action. Upon the service of such notice, the state board shall furnish the applicant with a copy of the application and all supporting papers, a transcript of the testimony taken in a hearing, if any, and a copy of its decision. The district court shall act as an appellate court to review the decision of the state board to determine whether or not it has therein committed fraud or abused its discretion. The costs may be taxed to appellant where the appeal is affirmed or may be remitted.

It is further adjudged that the defendants be and are hereby permanently enjoined from terminating or reducing the aid of public assistance herein granted prior to giving of reasonable notice and opportunity for an evidentiary hearing which complies with the constitutional provisions of the United States.

It is adjudged that the plaintiffs are entitled to reasonable notice and an evidentiary hearing prior to termination, cancellation or reduction of payments provided for by Aid to Dependent Children. There will be no costs.